IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-09-641 |
| | § | |
| LARUE JOHNSON, | § | |
| | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Larue Johnson's ("Johnson") motion for sentence reduction pursuant to 18 U.S.C. § 3582 and the Fair Sentencing Act of 2010. D.E. 29.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Johnson pled guilty to possession with intent to distribute 92.4 grams of cocaine base on November 23, 2009, and was sentenced to 120 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. D.E. 25. Judgment was entered on June 29, 2010. Id.  He did not appeal.

**II.  ANALYSIS**

In his current motion, Johnson contends that his sentence can be reduced to the new statutory minimum sentence of 60 months pursuant to the Fair Sentencing Act of 2010 and Dorsey v. United States, — U.S. —, 132 U.S. 2321 (2012). He also suggests that his sentence could be served on home confinement due to his poor health.

The Fair Sentencing Act of 2010 increased the quantity of crack cocaine necessary to trigger minimum statutory sentences. Johnson was convicted of possession with intent to distribute 92.4 grams of cocaine which triggered a 10 year mandatory sentence in 2010. 21 U.S.C. § 841(b)(1)(A).

1

The Fair Sentencing Act amended § 841(b)(1)(A), and the new statutory minimum sentence of 10 years applies to possession with intent to distribute more than 280 grams of crack cocaine. The new statutory minimum sentence of 5 years applies to the amount of crack cocaine possessed by Johnson. § 841(b)(1)(B) (28 grams of cocaine base or more).

Although the Supreme Court held that certain defendants who committed offenses before the effective date of the 2010 Fair Sentencing Act were eligible for its more lenient terms, the changes only applied to those who had not yet been sentenced at the time of enactment on August 3, 2010. Dorsey, 132 S.Ct. at 2335 ("we conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders. That is the Act's 'plain import' or 'fair implication.'"). Thus to obtain the benefit of the Fair Sentencing Act's change to the statutory minimums, Johnson's sentencing would have to have taken place on or after August 3, 2010. He was sentenced on June 28, 2010, before enactment of the Fair Sentencing Act.

"[T]he Fair Sentencing Act imposes a change in sentencing, not a procedural or remedial change," which does not permit that statute to be applied retroactively." United States v. Doggins, 633 F.3d 379, 384 (5th Cir. 2011) (citing United States v. Bell, 624 F.3d 803, 815 (7th Cir. 2010)) ("No procedures or remedies were altered by the passage of the FSA."). Because Johnson does not fall within the exception to the general rule announced in Dorsey, he is not entitled to relief from the statutory minimum sentence of 10 years. See Dorsey, 132 S.Ct. at 2335; see also United States v. Reed, 490 Fed. App'x. 633 at *1 (5th Cir., Oct. 19, 2012) (per curiam) (designated unpublished) (statutorily mandated sentence not eligible for § 3582(c)(2) relief); United States v. Jackson, 2012 WL 3484346 at *1 (5th Cir., August 14, 2012) (per curiam) (designated unpublished) ("Dorsey held. . .that the more lenient penalties of the Fair Sentencing Act ('Act') apply to offenders who

committed an offense before the Act was passed, but were sentenced after the Act was enacted."); United States v. Stone, 473 Fed. App'x. 393, at *1 (5th Cir., July 19, 2012) (per curiam) (designated unpublished) (quoting Dorsey, "ordinary practice is to apply new penalties to defendants not yet sentenced.").

Johnson also cites § 3582(c)(2) as a basis for relief. 18 U.S.C. § 3582(c)(2), permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. Id. Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Johnson seeks to apply must, therefore, be listed in that section. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831.

When the policy statement does not make a change to the Guidelines retroactive, this Court is not authorized to reduce a sentence. U.S.S.G. § 1B1.10(a); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996) ("if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement."). Amendment 750 to § 2D1.1(c) of the sentencing guidelines became retroactive on November 1, 2011. Notice of Final Action Regarding Amendment to Policy Statement § 1B1.10, effective November 1, 2011, 76 FR 41332-01, July 13, 2011.

Amendment 750 recognized that offenders sentenced at the statutory mandatory minimums "cannot have their sentences lowered by an amendment to the guidelines." U.S.S.G. App. C, amend.

750, Part A. Although the sentencing range was reduced, because amendment to the statutory minimum sentence was not made retroactive (except as outlined in Dorsey), this Court may not reduce Johnson's sentence.

### III.  CONCLUSION

For the reasons stated, Johnson's motion for sentence reduction  (D.E. 29) is **DENIED**. The Court does not reach his request to serve his reduced sentence on home confinement.

It is so **ORDERED.**

**SIGNED** on this 29th day of April, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE